IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENNY R. SMITH,

        Plaintiff,

    vs.

KAREN ROHLING, et al.,

        Defendants.

CIVIL ACTION
No. 10-3184-SAC

**MEMORANDUM AND ORDER**

Plaintiff, an inmate incarcerated in the Larned Correctional Mental Health Facility, presents a civil rights complaint under 42 U.S.C. § 1983 in which he alleges the defendants violated his constitutional rights by the involuntary administration of psychotropic medication.

Plaintiff also submits a motion for leave to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, § 1915 now provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more

> prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
> 28 U.S.C. § 1915(g).

Court records in the District of Kansas reflect that plaintiff has filed at least ten cases in this court, and that at least three (3) of those cases, or related appeals, were dismissed for failure to state a claim for relief.[1]

Accordingly, plaintiff may proceed in this action only if he pays the filing fee of $350.00 that is charged for filing a civil rights complaint under 42 U.S.C. § 1983 or demonstrates that he is under imminent danger of serious physical injury.

The United States Supreme Court has determined that individuals have a "constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs – an interest that only an essential or overriding state interest

---

[1] The cases identified as the basis of this order are (1) Case No. 03-3242, *Smith v. Bruce* (dismissed for failure to state a claim for relief); (2) Case No. 04-3043 (10th Cir., appeal from Case No. 03-3242)(dismissed as frivolous); and (3) Case No. 04-3068, *In re: Benny R. Smith* (10th Cir., appeal from Case No. 04-3025)(Notice of Appeal, construed as a petition for mandamus, is frivolous and denied). See *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996)(mandamus petition qualifies as "civil action" under §1915(g)).

might overcome." *Sell v. United States*, 539 U.S. 166, 178-79 (2003)(internal punctuation omitted). One such qualifying, overriding interest is presented when an individual is a danger to himself or others and the treatment is in the individual's medical interest. *Riggins v. Nevada*, 504 U.S. 127, 137 (1992). Thus, the Due Process Clause allows state prison officials to forcibly treat a mentally ill inmate with antipsychotic drugs "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper,* 494 U.S. 210, 227 (1990). *See also Boyett v. County of Washington*, 282 Fed. Appx. 667, *8 (10th Cir. 2008) (stating that "where an inmate is a danger to himself or others, an involuntary medication policy may be considerably more humane than a policy disallowing the practice altogether.")

Here, the materials submitted by the petitioner establish that the involuntary medication was administered after a hearing conducted by the Medical Treatment Committee at the facility.[2] The summaries from the notice and the hearing reflect that plaintiff has been diagnosed with schizophrenia and dementia, that he was showing increasing hostility toward officers, that he would consume food only in the infirmary because he believed

---

[2]The records show plaintiff refused to attend the hearing.

his food had been laced with chemicals, and that he refused all medication.

Following the hearing, two reviewing physicians agreed with the treating physician's recommendation and found (1) plaintiff suffers from a mental illness or disorder; (2) the medication is in the plaintiff's medical interest; (3) the plaintiff is either gravely disabled or is likely to inflict serious harm to himself or others; and (4) the plaintiff is in danger of serious physical harm because he is unable to meet his health or safety needs. (Doc. 5, Exs. 1-4).

Having considered the records and the relevant case law, the court concludes petitioner has not established that he is in imminent danger of serious physical harm. Therefore, the court must deny petitioner's request for leave to proceed in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied. Plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 6th day of April, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge